UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| CETEWAYO ASKIA BRIGGS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:13-330-KSF |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANCISCO QUINTANA, WARDEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Cetewayo Askia Briggs is an inmate confined in the Federal Medical Center located in Lexington, Kentucky. Proceeding without an attorney, Briggs has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1][1] Briggs alleges that he was wrongfully convicted of committing a prison disciplinary infraction and that as a result, 41 days of his good-time credits have been forfeited.

The Court reviews habeas petitions filed under Section 2241 to determine whether the petition and its exhibits establish viable grounds for relief. 28 U.S.C. § 2243; Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to Section 2241 petitions under Rule 1(b)). If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily deny the petition. *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*,

---

[1] The Court evaluates Briggs' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the case, the Court accepts his factual allegations as true and liberally construes the legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

424 F.2d 134, 141 (6th Cir. 1970). The Court has reviewed the petition and determined that Briggs is not entitled to relief, and will therefore deny his § 2241 petition.

## BACKGROUND

On November 4, 2011, Briggs was confined in the Federal Correctional Institution-McKean ("FCI-McKean"), located in Lewis Run, Pennsylvania. On that date, a Verizon Samsung phone was found in an ice machine located in the "E" building of FCI-McKean. [R. 1-1, p. 18, ¶ 11] On November 18, 2011, "B." Weseman, SIS Support Technician at FCI-McKean, issued an Incident Report charging Briggs with "Possession, Manufacture, or Introduction of Portable Phone" in violation of the Federal Bureau of Prisons ("BOP") Prohibited Acts Code ("PAC") 108. [*Id.*, ¶¶12-13] According to the Incident Report, a laboratory analysis of the phone revealed that on October 21-22, 2011, seven outgoing phone calls to telephone number 313-693-6653 were made using the cell phone; that the TRUPHONE account telephone number list linked telephone number 313-693-6653 to Inmate Cetewayo Briggs; and that Briggs "...was in possession of this cellphone [sic]." [*Id.*, ¶ 11] The Unit Disciplinary Committee recommended that Incident Report be forwarded to a Disciplinary Hearing Officer ("DHO") for resolution. [*Id.*, p. 18, ¶¶ 19-20]

On January 6, 2012, a disciplinary hearing transpired at FCI-McKean. According to the report prepared by DHO Daniel Schneider, Briggs testified that the Incident Report was not true; that he had not been in possession of a cell phone; that he had never called his sister (whose phone number was the one extracted from the cell phone) from the cell phone discovered in the ice machine; that he had given his sister's phone number to other inmates at the camp so "their

2

people could call his sister for rides to the prison;" and that he "had no idea that the other inmates would use a cell phone to call his sister." *See* Summary of Inmate Statement, DHO Report [R. 1-1, p. 14, § III (B)].

In addition to Briggs' testimony, the DHO stated that he considered the Incident Report, the November 4, 2011, Memorandum from Officer "C." Smith; and a forensic report on the cell phone in question. [*Id.*, p. 15, § III (D)]. Based on this evidence, and the fact that telephone number 313-693-6653 was on the approved outgoing call list for Briggs and no other FCI-McKean inmate, the DHO found Briggs guilty of possessing the cell phone in violation of PAC 108. [*Id.*, § IV (A)] The DHO stated that he gave greater weight to the Incident Report and laboratory analysis linking phone number 313-693-6653 to Briggs' approved outgoing call list, and that he gave "little weight" to Briggs' testimony disclaiming possession of the cell phone, noting that Briggs offered no documentary evidence or witness testimony to substantiate his defense. [*Id.*, § V "Specific Evidence Relied On To Support Findings"]

The DHO imposed the following sanctions: a one-year restriction on Briggs' telephone privileges; disallowance of 41 days of Briggs' good time credits; and a 30-day confinement in disciplinary segregation. [*Id.*, p. 16, § VI].[2] According to the BOP's official website, Briggs'

---

[2] The DHO gave these reasons for his decision:

"Possession of a hazardous tool seriously disrupts the security and orderly running of the institution. The possession of a cell phone interferes with staff ability to effectively monitor inmate telephone use. Additionally, a cell phone could be used to assist in the introduction of contraband into the Institution or to assist in an escape from the Institution . . . . These sanctions were imposed to punish you for your misconduct, to place a significant impact on your future behavior, and to deter inmates from manufacturing and possessing hazardous tools within a correctional institution."

[*Id.*, § pp. 3-4].

projected release date is January 21, 2015. *See* http://www.bop.gov/Locate/Tabs.xhtml (last visited on January 24, 2014).

Briggs appealed his conviction to the BOP Regional Office, arguing that he should have been charged with a lesser offense, such as a PAC 297 violation, instead of a PAC 108 violation; that the Incident Report contained information which significantly varied from the DHO's summary of facts of the charged offense; that his sister's telephone number, dialed from the cell phone, could be found on another inmate's approved phone list; and finally, that the DHO refused to consider documentary evidence he had requested for the hearing. [*Id.*, p. 12]

On March 2, 2012, the BOP Regional Office denied Briggs' appeal, concluding that his conviction was based on sufficient evidence, which included the fact that the phone number dialed from the discovered cell phone was listed on Briggs' approved phone list, and not on the phone list of any other inmate. [*Id.*, p. 9] The BOP Regional Office further noted that the record of the disciplinary proceeding did not indicate that Briggs had attempted to present any documentary evidence on his behalf. [*Id.*, p. 10]

In his appeal to the BOP Central Office, Briggs raised the same challenges which he had unsuccessfully argued at the BOP Regional Office level. [*Id.*, pp. 5-6] On October 25, 2012, the Central Office affirmed Briggs' conviction and sanctions, finding that the DHO's findings were supported by the greater weight of the evidence, detailed in Section V of the DHO Report, and that the DHO had imposed the proper sanctions. [*Id.*, p. 4]

In his § 2241 petition, Briggs alleges that his disciplinary conviction and loss of good time credits violates his right to due process of law guaranteed by the Fifth Amendment of the

United States Constitution. Specifically, Briggs alleges that the evidence upon which the DHO relied was insufficient to support the conviction because the number dialed from the discovered cell phone was not limited to his phone list; because another inmate, whom he identified as "Taylor," accepted responsibility for the cell phone; and because he was denied the benefit and opportunity to present "same."[3] Briggs seeks an order reinstating his forfeited good-time credits.

## DISCUSSION

Briggs alleges that he was denied due process of law during his disciplinary proceeding. Prisoners who face the loss of good time credits in prison disciplinary proceedings are entitled to the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Since Briggs faced the loss of good time credits as a result of the disciplinary charge, he was entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement by the fact-finder as to the evidence relied upon and the reason for the disciplinary action; and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In his § 2241 petition, Briggs appears to allege that the DHO violated *Wolff* by preventing him from presenting some type of evidence, but he does not identify what type of "evidence" he allegedly attempted to introduce on his behalf at the disciplinary hearing. During the administrative remedy process, Briggs alleged that the DHO prevented him from presenting

---

[3] Briggs' statement that he was denied the opportunity to present evidence of "same" is not entirely clear, but presumably, he is alleging that during his disciplinary hearing, he was denied the opportunity to present evidence that would have shown that Inmate Taylor possessed the cell phone.

5

unspecified documentary evidence on his behalf, so presumably Briggs is alleging that he was denied the opportunity to present exculpatory *documentary* evidence in his own behalf.

To survive the Court's preliminary review, Briggs must plead sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In his § 2241 petition, Briggs alleges in broad and conclusory fashion that he was denied the opportunity to present some type of evidence showing that an inmate named "Taylor" possessed the cell phone. Briggs did not, however, identify, or even describe, the evidence (documentary or otherwise) which he claims that he unsuccessfully attempted to introduce in his defense at the disciplinary hearing. Nor did Briggs attach as an exhibit to his § 2241 petition whatever "documentary" evidence he was allegedly prevented from introducing on his own behalf at the disciplinary hearing.

It is not this Court's responsibility to scour the record to uncover information about the alleged "documentary evidence," but the Court notes that on December 14, 2011, one month prior to the disciplinary hearing, Briggs submitted an "Inmate Request to Staff," stating:

> I'm requesting the following documentary evidence for my D.H.O. Hearing.
> 
> . . . .
> (2) The letter that inmate Taylor wrote to unit staff saying "it was his phone and he didn't want anybody getting in trouble for his actions."
> 
> (3) The call log with inmate Taylor's number that links him to the phone call numbers with his)
> . . . .

[R. 1-1, p. 13]

On December 15, 2011, the staff member responded:

"I forwarded your cop-out to the DHO. These issues will be addressed at the hearing."

[*Id.*, ("Disposition")]

But as the BOP Regional Office correctly noted when it denied Briggs' BP-10 appeal, the DHO Report does not indicate either that Briggs asked to introduce any type of exculpatory "documentary evidence" on his behalf, or that the DHO denied Briggs permission to introduce "documentary evidence." Further, the DHO's summary does not state that Briggs testified that another inmate had confessed to possessing the cell phone, or that exculpatory documentary evidence existed which supported his contention that "Inmate Taylor" had confessed to possessing the cell phone discovered in the ice machine. The "Summary of Inmate Statement" set forth in the DHO Report states *only* that Briggs disclaimed possession of the cell phone, and that Briggs testified that he had given other inmates the telephone number (his sister's) which had been dialed from the cell phone discovered in the ice machine. [R. 1-1, p. 14] Further, in his § 2241 petition, Briggs does not allege that the "Summary of Inmate Statement" set forth in the DHO Report was inaccurate or that it omitted important information.

One section of the Report asks the DHO to list any witnesses whom the inmate (charged with an offense) has requested to appear on his behalf at the hearing. [*Id.*, § III(C)] The DHO marked the "No" box, indicating that Briggs did not request that any other witnesses (such as Inmate Taylor) appear on his behalf at the hearing. [*Id.*, § III(C)(1)] Another section of the Report asks the DHO to state whether "unavailable witnesses were requested to submit written statements," and if so, whether such statements were "received and considered." [*Id.*, p. 15, §

III (D)]  In response, the DHO listed only two documents, (1) Officer "C." Smith's Memorandum of November 4, 2011, and (2) the forensic report from the cell phone. [*Id*.] The DHO did not state in that section either that Briggs had requested to introduce other documentary evidence which would prove that Inmate Taylor possessed the cell phone, or that he (the DHO) had denied such a request from Briggs.

Finally, the DHO Report states that Briggs waived his right to a staff representative. [*Id*., p. 14 § II (A)] Given that Briggs had requested certain documentary information about Inmate Taylor from prison staff one month before his hearing, Briggs could and should have requested a staff member to represent him to pursue this issue, if he believed that it was relevant to the charges filed against him.  It appears that at his disciplinary hearing, Briggs did not follow-up on his December 14, 2011, "Inmate Request to Staff" seeking documents concerning Inmate Taylor's alleged possession of the cell phone.

In summary, the DHO Report refutes Briggs' broad and conclusory allegation that he was prevented from presenting "documentary evidence" on his behalf.  Neither Briggs' petition, nor the attachments thereto, support his claim that the DHO prevented him from submitting "documentary evidence" showing that an inmate named Taylor possessed the cell phone found in the ice machine. Briggs has therefore failed to establish that the DHO violated his right to due process of law by preventing him from submitting "documentary evidence."

Briggs next alleges that the DHO violated his right to substantive due process of law, arguing that the evidence upon which the DHO relied was insufficient.  A finding of guilt that results in the revocation of good-time credits must be "'supported by some evidence in the

8

record.'" *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). The DHO's decision need not comport with the requirement of proof beyond a reasonable doubt, the standard applicable to criminal trials. *See Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

In *Hill*, the Supreme Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating: "Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Hill*, 472 U.S. at 456. The "some evidence" standard is a lenient one, requiring only "a modicum of evidence," and is met if the record contains any evidence that could support the [DHO's] decision. *Id*. at 455–56. The "some evidence" standard requires only that the "disciplinary decision is not arbitrary and does have evidentiary support." *Id*. at 457.

In this case, more than "some evidence" supported the DHO's determination that Briggs was guilty of possessing a cell phone in violation of PAC 108: the Incident Report; the forensic report; the fact that the telephone number dialed from the cell phone found in the ice machine belonged to Briggs' sister; and the fact that this very same telephone number was on Briggs' approved phone list and *not* on the approved phone list of any other FCI-McKean inmate. Briggs contends that the DHO ignored his testimony that other FCI-McKean inmates knew his sister's phone number and could have dialed that number from the cell phone, but the law is clear

9

that a DHO need not accept what the inmate perceives to be the "best" or most convincing or persuasive set of facts. *See Sarmiento v. Hemingway*, 93 F. App'x 65, 68 (6th Cir. 2004) (affirming the DHO's determination that the greater weight of the evidence supported his decision finding Sarmiento guilty of "tampering with a security device" in violation of PAC 208, even where the facts were in dispute); *Johnson v. Patton*, No. 06-CV-HRW, 2006 WL 950187, at *5 (E.D. Ky. April 12, 2006) ("While these facts are not one hundred percent conclusive of whether the petitioner violated Code 108, they are adequate facts upon which to base a prison disciplinary conviction. They constitute "some" facts upon which the DHO was entitled to rely in finding the petitioner guilty of violating Code No. 108.")

Therefore, the DHO was free to give little or no weight to Briggs' version of the events, and to give greater or full weight to the evidence adverse to Briggs, which is exactly what happened. This Court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Hill*, 472 U.S. at 455-56. Nor is it permitted to redetermine an inmate's innocence or guilt; its only function is to ensure that a disciplinary decision is not arbitrary and has evidentiary support. *Id*. at 457. Although Briggs strongly disputes the adequacy of the evidence relied upon to convict him, his conviction for possessing a cell phone had "some" evidentiary support, and therefore was not arbitrary.

In sum, the Court determines that because Briggs' disciplinary conviction and sanction, including the forfeiture of 41 days of good-time credits, were supported by "some" evidence as required by *Superintendent v. Hill*, his Fifth Amendment due process rights were not violated. Briggs' § 2241 petition will therefore be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Cetewayo Askia Briggs' 28 U.S.C. § 2241 petition for writ of habeas corpus, [R. 1], is **DENIED**; and

(2) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This January 29, 2014.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**